IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

JOHN SHERMAN BENGE,

        Petitioner,

     v.

MARK NOOTH,

        Respondent.

Case No. 2:15-cv-00751-SB

**FINDINGS AND RECOMMENDATION**

**BECKERMAN, Magistrate Judge.**

Petitioner, an inmate at Snake River Correctional Institution, brings this habeas corpus proceeding pursuant to 28 U.S.C. § 2254. For the reasons set forth below, the district judge should DENY Petitioner's Second Amended Habeas Corpus Petition (ECF No. 13).

## BACKGROUND

On May 10, 2013, a grand jury returned a Superseding Indictment charging Petitioner with two counts of Sodomy in the First Degree, three counts of Sexual Abuse in the First Degree, and one count of Unlawful Sexual Penetration in the First Degree. Resp't Ex. 102 at 1-2. Petitioner subsequently pled guilty to three counts of Sexual Abuse in the First Degree, in exchange for the State's agreement to dismiss the remaining charges. The parties agreed to a

240-month sentence, and the trial court subsequently imposed that sentence. Resp't Exs. 103, 104. Petitioner did not file a direct appeal. In March 2015, Petitioner filed a First Amended Petition for Post-Conviction Relief (PCR). Resp't Ex. 105. The PCR Court denied relief and Petitioner filed an appeal. Resp't Exs. 124, 125. Petitioner subsequently dismissed the appeal. Resp't Exs. 126, 127.

In the instant proceeding, Petitioner raises three grounds of ineffective assistance of counsel. In his supporting brief, he addresses only his Third Ground for Relief. Respondent argues that all of Petitioner's grounds should be dismissed on the basis that Petitioner procedurally defaulted his available state remedies.

## STANDARDS

Before a federal court may consider granting habeas corpus relief, a state prisoner must exhaust all available state court remedies either on direct appeal or through collateral proceedings. 28 U.S.C. § 2254(b)(1). A federal claim is procedurally defaulted if the petitioner does not fairly present his federal claims to the appropriate state courts at all appellate stages afforded under state law, and state procedural rules would now bar consideration of the claims. *Hurles v. Ryan*, 752 F.3d 768, 779-80 (9th Cir. 2014); *O'Sullivan v. Boerckel*, 526 U.S. 838, 845, 848 (1999). If a state prisoner procedurally defaults his federal claims, habeas relief is precluded absent a showing of cause and prejudice, or if failure to consider his federal claims will result in a fundamental miscarriage of justice. *Hurles*, 752 F.3d at 780; *Martinez v. Ryan*, 566 U.S. 1, 9-10 (2012); *Coleman v. Thompson*, 501 U.S. 722, 750 (1991).

## DISCUSSION

### I. PETITIONER'S FIRST AND SECOND GROUNDS FOR RELIEF

Respondent moves the Court to deny habeas relief as to Petitioner's first two grounds for relief because he voluntarily dismissed his appeal from the denial of post-conviction relief and

PAGE 2 – FINDINGS AND RECOMMENDATION

therefore procedurally defaulted the grounds by failing to raise them at every available appellate stage. Petitioner does not argue otherwise, and he has not demonstrated cause and prejudice to excuse the procedural default, or that a fundamental miscarriage of justice would occur if the Court does not address the defaulted claims. Accordingly, habeas relief should be denied as to grounds one and two.

## II. PETITIONER'S THIRD GROUND FOR RELIEF

In his Third Ground for Relief, Petitioner argues that trial counsel provided ineffective representation when he failed to move to dismiss the indictment (i.e., file a demurrer) on the basis that the charging statutes were unconstitutional. Habeas Pet. at 8; Second Am. Habeas Pet. at 3. Respondent argues that Petitioner did not exhaust this ground because he did not raise the issue to the PCR Court and did not appeal from the denial of post-conviction relief. Respondent concludes that because Petitioner can no longer exhaust the claim under Oregon law, it is procedurally defaulted. *See* Or. Rev. Stat. § 138.510(3) (two-year limitation period to seek PCR relief); Or. Rev. Stat. § 138.550(3) (all grounds for relief claimed by a petitioner in a PCR petition must be asserted in the original or amended petition unless the grounds could not reasonably have been raised). In response, Petitioner argues that his procedural default should be excused under the reasoning in *Martinez v. Ryan*.

Generally, PCR counsel's "ignorant or inadvertent procedural default" is not "cause" to excuse a procedural default. Coleman, 501 U.S. at 752. In *Martinez*, however, the Supreme Court recognized a limited exception to that general rule. The Court held that "[i]nadequate assistance of counsel at initial-review collateral proceedings may establish cause for a prisoner's procedural default of a claim of ineffective assistance at trial." Martinez, 566 U.S. at 9; *see also* Ha Van Nguyen v. Curry, 736 F.3d 1287, 1295 (9th Cir. 2013) (extending *Martinez* to defaulted claims of ineffective assistance of appellate counsel). To demonstrate "cause" sufficient to

PAGE 3 – FINDINGS AND RECOMMENDATION

excuse the procedural default of an ineffective assistance of counsel claim, a petitioner must satisfy a four-part test. The petitioner must show: 1) the underlying ineffective assistance of trial counsel was a substantial claim; 2) counsel at the state collateral proceeding was ineffective; 3) the state collateral proceeding was the initial review proceeding for the claim; and 4) state law required the petitioner to bring the claim in the initial review proceeding. *Martinez*, 566 U.S. at 17-18; *Trevino v. Thaler*, 133 S. Ct. 1911, 1918 (2013); *Dickens v. Ryan*, 740 F.3d 1302, 1319 (9th Cir. 2014).

### A. Initial-Review Proceeding and State Law Requirements

It is undisputed that Petitioner satisfies the third and fourth prongs of the *Martinez* test. In Oregon, a post-conviction trial is the first available forum for review of an ineffective assistance of counsel claim. *State v. McKarge*, 78 Or. App. 667, 668 (1986). Further, Or. Rev. Stat. § 138.550(3) requires a petitioner to assert all claims for post-conviction relief in the original or amended petition. *Knox v. Nooth*, 244 Or. App. 57, 65 (2011) ("[A]ny grounds not so asserted [in the original or amended petition] are deemed waived unless the court on hearing a subsequent petition finds grounds for relief asserted therein which could not reasonably have been raised in the original or amended petition.") (italics omitted).

### B. Substantiality and Ineffectiveness under *Strickland v. Washington*

In order for an ineffective assistance of counsel claim to be "substantial" under the first prong of the *Martinez* test, a petitioner "must demonstrate that the claim has some merit." *Martinez*, 566 U.S. at 14; *Snodgrass v. Angelozzi*, 545 F. App'x 698, 700 (9th Cir. 2013). Petitioner argues that his ineffective assistance of counsel claim is "substantial" because trial counsel failed to raise an objection to the constitutionality of the statutes under which Petitioner was charged. Pet'r's Br. in Supp. of Second Am. Pet. at 6. Petitioner argues further that had his

counsel filed the motion, and had the trial court dismissed those charges, plea negotiations would have reached a more favorable result. *Id*.

To determine whether a claim is "substantial," this Court applies the two-part test set forth in *Strickland v. Washington*, 466 U.S. 668, 687-88 (1987). *See Martinez*, 566 U.S. at 14. To satisfy *Strickland*, a petitioner must prove that counsel's conduct fell below an objective standard of reasonableness, and there is a reasonable probability that, but for counsel's error, the result of the proceeding would have been different. *Strickland*, 466 U.S. at 687-88; *Loher v. Thomas*, 825 F.3d 1103, 1120 (9th Cir. 2016). In applying this test, there is a strong presumption that trial counsel's representation was within the wide range of reasonable professional assistance. *Strickland*, 466 U.S. at 689.

When the alleged deficient performance is the failure to raise an objection, a habeas petitioner must demonstrate that trial counsel's decision fell below an objective standard of reasonableness and that, had trial counsel raised the objection, there is a reasonable probability that the trial court would have sustained the objection and the outcome of the trial would have been different. *See Juan H. v. Allen*, 408 F.3d 1262, 1273-74 (9th Cir. 2005) (finding that the lower court was not "objectively unreasonable in holding that the performance of counsel did not fall below an 'objective standard of reasonableness' on account of not raising [a] meritless objection"); *Styers v. Schiro*, 547 F.3d 1026, 1030 n.5 (9th Cir. 2008) ("Generally, a defendant claiming ineffective assistance of counsel for failure to file a particular motion must not only demonstrate a likelihood of prevailing on the motion, but also a reasonable probability that the granting of the motion would have resulted in a more favorable outcome in the entire case."); *Arredondo v. Persson*, No. 15-35697, 2016 WL 5936798, at *1 (9th Cir. Oct. 12, 2016) (holding that the lower court did not err in denying habeas petition because trial counsel reasonably

thought any objection to the prosecution would be meritless); *Tutor v. Angelozzi*, No. 3:10-cv-1486-BR, 2014 WL 3530109, at *8 (D. Or. July 10, 2014) (finding that trial counsel's failure to demur to the indictment was insufficient to constitute ineffective assistance of counsel).

Petitioner contends that trial counsel was ineffective for failing to demur to the indictment because 1) neither Or. Rev. Stat. § 163.427 (Sexual Abuse in the First Degree) nor Or. Rev. Stat. § 137.700 (Mandatory Minimum Sentences)[1] contains an enactment clause; 2) the Oregon Supreme Court has not certified either statute as constitutional; and 3) the application of Or. Rev. Stat. § 137.700 to Petitioner violates the Eighth Amendment and Article 1, Section 16, of the Oregon Constitution because he is a first-time offender.

The Oregon Constitution does not require statutes to include an enactment clause. *See* Or. Const. art. IV, § 1 (vesting legislative power in the Legislative Assembly). In any event, both statutes contain an enactment clause. *See* 1991 Or. Laws 1758; 1995 Or. Laws 11. Accordingly, Petitioner has failed to demonstrate that trial counsel's failure to demur to the indictment on that basis fell below an objective standard of reasonableness, or that there is a reasonable probability that the trial court would have sustained the demurrer. Petitioner therefore has failed to demonstrate that the claim has some merit. *Martinez*, 566 U.S. at 14.

Next, Petitioner contends that because the Oregon Supreme Court did not certify the charging statutes as constitutional, trial counsel was ineffective for failing to demur to the indictment on that basis. However, Petitioner cites no authority holding that the Oregon Supreme Court must certify the constitutionality of a statute. Accordingly, Petitioner has failed to demonstrate that counsel's failure to demur on that ground fell below an objective standard of reasonableness, or that there is a reasonable probability that the trial court would have sustained

---

[1] Or. Rev. Stat. § 137.700 requires mandatory minimum sentences for enumerated crimes including Sexual Abuse in the First Degree.

a demurrer. Petitioner therefore has failed to demonstrate that the claim has some merit. *Martinez*, 566 U.S. at 14.

Finally, Petitioner argues that the trial court's application of Or. Rev. Stat. § 137.700 violates the Eighth Amendment and Article 1, Section 16 of the Oregon Constitution. Specifically, Petitioner contends that because he has no criminal history, the trial court's imposition of mandatory minimum sentences under Or. Rev. Stat. § 137.700 is disproportionate to his offense.

Oregon courts have held that "although criminal history is one factor that could, along with other factors, demonstrate that a penalty is disproportionate under the circumstances of a particular case, the lack of prior convictions alone has never been sufficient to render an otherwise constitutional penalty disproportionate under Article I, section 16." *State v. Shaw*, 233 Or. App. 427, 439 (2010); *see also State v. Padilla*, 277 Or. App. 440, 447 (2016) (finding that the defendant's "grave and invasive act of sexual abuse" was proportionate to the 75-month mandatory minimum penalty the trial court imposed). Rather, Oregon courts consider the severity of the penalty to the gravity of the crime and the penalties imposed for other, related crimes, in addition to the criminal history of the defendant. *State v. Camacho-Garcia*, 268 Or. App. 75, 78 (2014).[2]

---

[2] Similarly, when considering whether a mandatory minimum sentence is disproportionate in violation of the Eighth Amendment, this Court considers "i) the gravity of the offense and the harshness of the penalty; ii) the sentences imposed on other criminals in the same jurisdiction; and iii) the sentences imposed for commission of the same crime in other jurisdictions." *Solem v. Helm*, 463 U.S. 277, 290-91 (1983); *Elbert v. Rees*, 867 F.2d 613 (9th Cir. 1989); *see Alvarado v. Hill*, 252 F.3d 1066, 1069 (9th Cir. 2001) (affirming the state court's application of the mandatory minimum sentence in juvenile second degree robbery case because it did not violate the Eighth Amendment).

Petitioner has made no attempt to demonstrate that his 240-month sentence for three counts of Sexual Abuse in the First Degree involving two four-year-old victims is disproportionate under the constitutional standards set forth above. *See* Resp't Ex. 103 (Plea Petition); Ex. 112 at 9-13 (sentencing transcript); Ex. 113 (underlying police reports). Accordingly, he has failed to demonstrate that his trial counsel's failure to demur to the indictment on the basis that the application of Or. Rev. Stat. § 137.700 is unconstitutional, fell below an objective standard of reasonableness, or that there is a reasonable probability that, had trial counsel raised the objection, the trial court would have sustained the objection and the results of the proceeding would have been different. Petitioner therefore has failed to demonstrate that the claim has some merit. *Martinez*, 566 U.S. at 14.

In sum, Petitioner's Third Ground for Relief does not satisfy the substantiality requirement to excuse his procedural default under *Martinez*. Petitioner's claim is based solely on trial counsel's failure to raise meritless objections to the indictment, and therefore he cannot satisfy the *Strickland* test. Trial counsel's conduct did not fall below an objective standard of reasonableness, and there is no reasonable probability that, had counsel made the objections, the trial court would have sustained the objections and the result of the proceeding would have been different. Accordingly, the *Martinez* exception does not apply to excuse Petitioner's procedural default, and the district judge should deny Petitioner's Third Ground for Relief on the ground that it is procedurally defaulted.

## **CONCLUSION**

Based on the foregoing, the district judge should DENY Petitioner's Second Amended Habeas Corpus Petition. (ECF No. 13.) Additionally, the district judge should deny a Certificate of Appealability on the basis that Petitioner has not made a substantial showing of the denial of a constitutional right. *See* 28 U.S.C. § 2253(c)(2).

PAGE 8 – FINDINGS AND RECOMMENDATION

## SCHEDULING ORDER

The Findings and Recommendation will be referred to a district judge. Objections, if any, are due fourteen (14) days from service of the Findings and Recommendation. If no objections are filed, the Findings and Recommendation will go under advisement on that date. If objections are filed, a response is due fourteen (14) days after being served with a copy of the objections. When the response is due or filed, whichever date is earlier, the Findings and Recommendation will go under advisement.

DATED this 20th day of April, 2017.

*Stacie F. Beckerman*
STACIE F. BECKERMAN
United States Magistrate Judge